■ EDNA POSKANZER et al., Doing Business as LOUIS S. POSKANZER CONVALESCENT HOME, Individually and on Behalf of All Other Similarly Situated Proprietors of Private Proprietary Nursing Homes in New York State, Respondents, v. ROBERT WHALEN, as Acting Commissioner of the New York State Department of Health, Appellant.— Appeal from a judgment of the Supreme Court, entered March 4, 1975 in Albany County, which granted a permanent injunction against Robert Whalen, as Acting Commissioner of the New York State Department of Health. Plaintiff Poskanzer and some 61 other nursing home operators received notices of hearings to determine whether their certificates to operate should be revoked, suspended, or limited because of

alleged violations of the Public Health Law and regulations pursuant thereto. (See 10 NYCRR 700.1 *et seq.*) In this action plaintiffs seek a determination that such health department hearings are null and void; that defendant Whalen be enjoined from conducting such hearings; and that the court fashion an appropriate alternative hearing procedure. Prior to joinder of issue, plaintiff, by order to show cause, sought a preliminary injunction to restrain the respondent from conducting hearings until determination of the action. Special Term, in a decision dictated from the bench, found appellant Whalen and the administrative tribunal of the Health Department to be "infected with prejudice" and granted more than the relief sought. In a judgment dated March 4, 1975, the court permanently enjoined the hearings and directed appellant to commence 62 separate actions in Supreme Court, Albany County. From that judgment, respondent Whalen appeals. The operating certificates of a nursing home may not be revoked, suspended, limited, or annulled without a hearing, the time and place of which shall be fixed by the commissioner. All orders and determinations of the commissioner are subject to judicial review in a proceeding under CPLR article 78. (See Public Health Law, § 2806.) It is, therefore, abundantly clear that petitioner's remedy in this proceeding must lie within the administrative framework provided. We have examined the other bases relied upon by Special Term for the granting of relief, and find them equally without merit. Accordingly, upon the facts presented, the judgment should be reversed and the complaint dismissed. Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.